UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samantha Small, | ) | C/A No. 3:08-2320-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| Federal Bureau of Investigation, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Introduction

This is an action seeking habeas corpus relief under 28 U.S.C. § 2241. The petitioner, Samantha Small, proceeding *pro se*, filed this habeas action seeking release from the alleged unlawful custody of the Federal Bureau of Investigation.[1] Petitioner paid the full filing fee. The habeas petition should be dismissed as moot.

Discussion

On June 24, 2008, the petitioner filed an "Emergency Petition for Writ of Habeas Corpus" alleging that she was being held against her will by the respondent and was about to be transported to Maine against her will. The court authorized service of process upon the respondent, and on July 3, 2008, the respondent filed a motion to deny the petition for writ of habeas corpus. A *Roseboro* Order was entered on July 11, 2008, advising the petitioner how to respond to the motion to deny habeas relief, and the petitioner was given until August 14, 2008, to respond. The Clerk of Court mailed the *Roseboro* Order to the petitioner at her South Carolina and Maine addresses. The petitioner has not filed any response to the respondent's July 3, 2008, motion to deny habeas relief.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

On July 3, 2008, the petitioner filed a "Notice of Dismissal." The petitioner alleged that she was no longer in the custody of the respondent and that she was located in Maine. She further stated that her habeas petition should be dismissed as moot.

It is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c); and *Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3rd Cir. 1984). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). For a habeas petition to present a live case and controversy after a petitioner has been released from custody, the petitioner must continue to suffer actual collateral consequences from his conviction or deportation. *Abdala v. I.N.S.,* 488 F.3d 1061, 1064 (9th Cir. 2007). In other words, "... there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.*

In this action, at the time the habeas petition was filed, the petitioner alleged that she was in custody of the respondent.[2] However, both parties agree that at this time she is no longer in custody. There is no allegation that the petitioner suffers from a "collateral consequence" due to her alleged previous unlawful custody by the respondent. In fact, the petitioner seeks a dismissal of this action. Accordingly, this habeas petition should be dismissed with prejudice as moot.

The court further notes that it now appears that Dennis Gallipeau likely drafted and signed the June 24, 2008, petition on behalf of the petitioner. *See* Docket Entry 10 (Dennis Gallipeau

---

[2] The respondent filed a declaration of Thomas O'Neill executed on July 1, 2008, which stated that the petitioner is not now and has not been in the custody of the Federal Bureau of Investigation. This fact contradicts the petitioner's unsworn allegations in the petition. The court could find that the petitioner's failure to respond to the *Roseboro* Order is determinative of the fact that the respondent did not have the petitioner in custody at the time the petition was filed.

2

signed Samantha Small's name and placed his initials under the signature line).  Dennis Gallipeau, who is not an attorney, had no authority to file a habeas petition on Samantha Small's behalf nor to sign her name.  One *pro se* litigant cannot "represent" another *pro se* litigant.  *See Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005); *Klocek v. Gateway, Inc.*, 104 F. Supp. 2d 1332, 1344 (D. Kan. 2000).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the petition in the above-captioned case *with prejudice* as moot and that the respondent's motion be terminated as moot.

**The petitioner's attention is directed to the important notice on the next page.**

August 19, 2008                                                       s/Joseph R. McCrorey
Columbia, South Carolina                                    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

4